## Case No. 1,986.

### BROWN v. ADAMS.

[5 Biss. 181.][1]

Circuit Court, N. D. Illinois. Oct., 1870.

CORPORATIONS—TRANSFER OF STOCK—WHAT CONSTITUTES — DISTRIBUTIVE SHARE — CASHIER — AGENCY.

1. When stock is, by its terms, transferable only on the books of the company, its delivery to an officer of the company with a request that he transfer it, is not sufficient to pass the legal title. Until it is actually transferred, the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

assignee has no legal right of action in his own name.

[Cited in Price v. Whitney, 28 Fed. 298.]

[See Black v. Zacharie, 3 How. (44 U. S.) 513; McLean v. Lafayette Bank, Case No. 8,888; Becher v. Wells Flouring Mill Co., 1 Fed. 276.]

2. It is not the right of a court of law to inquire into the rights of a stockholder to a distributive share in the assets remaining after an adjustment of the affairs of a corporation.

3. A cashier who has made sale of corporate property, and holds a balance in his hands, must be deemed the agent of the board of directors, and not of the respective stockholders, and cannot be charged by an individual stockholder as holding such balance for his benefit.

At law. This was an action of assumpsit [by Margaret J. C. Brown against Kneeland F. Adams] containing several common counts and one special count. Demurrer interposed to the special count. [Demurrer sustained.]

BLODGETT, District Judge. The substance of the allegation of the special count is, that on the first of March, 1866, one Cowen was the owner of fifty shares of the capital stock of the First National Bank of La Salle county, and that said stock was by its terms "transferable only on the books of said bank, in person or by attorney, on the surrender of this certificate;" that on the first of March, 1866, said Cowen, the owner of the certificate, assigned the same to plaintiff, and the same was delivered to the defendant, who was then and there the cashier of the bank, with the request that he would make and prepare the necessary entries for the assignment of said stock on the books of said bank. There is no averment that it was so assigned, or that the cashier, who is the defendant in this case, complied with the request. The form of the certificate itself, as shown by the plaintiff's declaration, shows that no property accrued, no legal right to the stock, until this transfer had been made upon the books of the corporation. A mere request to an officer of a corporation to make such a transfer, does not operate as a transfer; and, of course, until this assignment is made on the books of the corporation, the legal right to the stock represented by the certificate remains in the original owner therein named. The familiar rule of law, that the suit must be brought in the name of the owner of the legal interest, is therefore contravened by this declaration, because it does not show that the present plaintiff ever acquired any legal interest in the stock. The declaration goes on to aver, as the cause of action, that, on the day mentioned, the said defendant, being the cashier of said bank, sold and assigned to "blank," all the assets and property of the said bank for the benefit of each and every of the stockholders of said bank, and has had and received therefrom to and for the use of the stockholders of said bank, and in excess of all liabilities, etc., the sum of $60,000, and that said defendant received plaintiff's distributive share.

I cannot conceive it to be the right of a court of law to inquire into the right of each of the stockholders in this corporation to the respective distributive shares in the balance of assets remaining after an adjustment of its affairs. It would involve an inquiry into the entire condition of the bank, an inquiry in which one only of the stockholders is a party, and which might affect injuriously the rights of all the stockholders. It seems to me that a sale of this kind could only have taken place at the instance of the board of directors, and the defendant cashier, who is alleged to have made the sale, must be held to be the agent of the board of directors of the corporation; and if he holds the proceeds, he holds them as the agent of the bank, not as the agent of the respective stockholders; in other words, he holds these proceeds as one of the officers of the bank, and this suit should be brought against the bank itself, if at all. It seems to me that the case made here does not show a cause of action against the defendant, either as to a right of action in the plaintiff, or any liability to the plaintiff on the part of the defendant. Demurrer sustained.